1  MATTHEW M. YELOVICH (NYBN 4897013)
   Attorney for the United States
2  Acting under Authority Conferred by 28 U.S.C. § 515

3  MATTHEW M. YELOVICH (NYBN 4897013)
   Acting Chief, Criminal Division
4
   GLENN S. LEON (NYBN 250785)
5  Chief, Fraud Section

6  JACOB FOSTER (CABN 250785)
   Principal Assistant Chief
7  Fraud Section, Criminal Division

8       950 Constitution Avenue, NW
        Washington, D.C. 20530
9       Telephone: (202) 514-2000
        FAX: (202) 514-3708
10      Jacob.Foster@usdoj.gov

11 KRISTINA GREEN (NYBN 5226204)
   KATHERINE M. LLOYD-LOVETT (CABN 276256)
12 Assistant United States Attorneys

13      450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102-3495
14      Telephone: (415) 436-6912
        FAX: (415) 436-7234
15      Kristina.Green@usdoj.gov
        Katherine.Lloyd-Lovett@usdoj.gov
16
   Attorneys for United States of America
17

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | **CASE NO. 24-CR-329 CRB** |
|---|---|---|
| Plaintiff, | ) ) | **[~~PROPOSED~~] FINDINGS OF FACT REGARDING RISK OF FLIGHT** |
| v. | ) ) | |
| RUTHIA HE, | ) ) | |
| Defendant. | ) ) | |

On June 12, 2024, defendant Ruthia He was charged by indictment with conspiracy to distribute

and distribution of controlled substances, in violation of Title 21 United States Code Sections 846,

841(a) and 841(b)(1)(C); conspiracy to commit health care fraud, in violation of Title 18 United States Code Section 1349; and conspiracy to obstruct justice, in violation of Title 18 United States Code Section 1512(k). On July 12, 2024, the defendant was ordered detained by Magistrate Judge Thomas S. Hixson based on a finding that no condition or combination of conditions would reasonably assure the appearance of the defendant as required. Dkt. 32. On August 16, 2024, the defendant appealed that order to this Court. Dkt. 48. The government opposed. Dkt. 51. The parties appeared before the Court on August 21 and August 23, 2024, for hearing on the defendant's appeal.

Based on the charges against the defendant for violation of the Controlled Substances Act, there is a rebuttable presumption that no condition or combination of conditions reasonably will assure the defendant's appearance as required and the safety of the community. 18 U.S.C. § 3142(e)(3)(A).

After consideration of the parties' submissions and arguments, and as noted on the record on August 23, 2024, the Court finds that the government has established that the defendant poses a significant risk of flight that cannot be mitigated by the release conditions proposed by the defendant to date. The defendant is a citizen of China and has substantial cultural and family ties to China. If she flees to that country, she cannot be extradited to the United States. Moreover, as the defendant owns almost all of the shares outstanding in Done, the Court has not received sufficient information to establish that the defendant or her associates do not have access to the approximately $9 million in funds in Done's accounts. The Court also lacks a sufficient explanation for payments made from Done's accounts to an entity called "Makebelieve Asia." In addition, the Court is also concerned with the defendant's own words and conduct, including: the defendant's deletion of company information and conversations; the defendant's search online regarding whether "the police" could check Google history for a deleted Gmail account; and conversations in which the defendant discussed with associates the government's inability to extradite her from China and how to send money abroad to accounts that could not be reached by the United States government. Finally, the Court observes that the defendant is now aware, in a way she was not prior to her indictment, that she is facing a real risk of serving time in prison if convicted of the charged offenses.

//

//

In sum, the Court finds at this time that it has not been presented with a condition or combination of conditions that could be imposed that would sufficiently mitigate the flight risk posed by the defendant. The Court will consider additional proposals from the defendant that would mitigate that risk.

IT IS SO ORDERED.

DATED: August 26, 2024

_____
HONORABLE CHARLES R. BREYER
United States District Court Judge