WILLKIE FARR & GALLAGHER LLP
Koren Bell (SBN 268614)
kbell@willkie.com
2029 Century Park East
Los Angeles, CA 90067
T: 310-855-3016
F: 310-855-3099

Michael S. Schachter (*Pro Hac Vice*)
Steven J. Ballew (*Pro Hac Vice*)
mschachter@willkie.com
sballew@willkie.com
787 Seventh Avenue
New York, NY 10019-6099
T: 212-728-8102
F: 212-728-9102

Attorneys for Defendant
RUTHIA HE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RUTHIA HE, A/K/A RUJIA HE, and DAVID BRODY,<br><br>Defendants. | CASE NO. 3:24-cr-00329-CRB<br><br>**DEFENDANT RUTHIA HE'S OPPOSITION TO GOVERNMENT'S MOTION TO COMPEL DISCLOSURE OF, AND ANY DISCOVERY REGARDING, ANY ADVICE OF COUNSEL DEFENSE**<br><br>Courtroom 6—17th Floor<br>Hon. Charles R. Breyer |

**TABLE OF CONTENTS**

I. The Government's Request for Compelled Pretrial Notice of an Advice of Counsel Defense is Unconstitutional and Unsupported by the Rules and the Caselaw. ....................2

II. At the Least, the Court Should Decline to Require Disclosure of an Advice of Counsel Defense and Related Discovery Sooner than Two Weeks Before Trial. .............................8

CONCLUSION.....................................................................................................................12

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Ruan v. United States*,
597 U.S. 450 (2022)....4

*United States v. Afremov*,
No. 06-cr-196, 2007 WL 2475972 (D. Minn. Aug. 27, 2007)....5

*United States v. Alessa*,
561 F. Supp. 3d 1042 (D. Nev. 2021)....3

*United States v. Atias*, No. 14-cr-403,
2017 WL 563978 (E.D.N.Y. Feb. 10, 2017)....4

*United States v. Bachynsky*,
No. 04-cr-20250, 2007 WL 1521499 (S.D. Fla. May 22, 2007)....10

*United States v. Cooper*,
283 F. Supp. 2d 1215 (D. Kan. 2003)....10

*United States v. Crowder*,
325 F. Supp. 3d 131 (D.D.C. 2018)....9, 11

*United States v. Dallman*,
433 F. Supp. 3d 804 (E.D. Va. 2020)....8, 9, 10, 11

*United States v. Espy*,
No. 96-cr-198, 1996 WL 560354 (E.D. La. Oct. 2, 1996)....5

*United States v. George*,
No. 12-cr-00065, 2015 WL 13450249 (C.D. Cal. Apr. 24, 2015)....3, 8

*United States v. Hicks*,
103 F.3d 837 (9th Cir. 1996)....7

*United States v. Holden*,
No. 3:13–cr–00444–BR, 2015 WL 566455 (D. Or. Feb 10, 2015), *modified in part on other grounds,* 2015 WL 1514569 (D. Or. Mar. 19, 2015)....7, 8

*United States v. Meredith*,
No. 12-cr-143, 2014 WL 897373 (E.D. Ky. Mar. 6, 2014)....5

*United States v. Millegan*,
No. 3:19-CR-00528-IM, 2021 WL 2637325 (D. Or. June 24, 2021)....7

*United States v. Nubla*,
No. 21-cr-00139, 2022 WL 16856107 (N.D. Cal. Nov. 10, 2022)....9, 11

*United States v. Parks*,
No. 18-cr-251, 2022 WL 2916080 (N.D. Okla. July 25, 2022)....10

*United States v. Ray*,
No. 20-cr-110, 2021 WL 5493839 (S.D.N.Y. Nov. 22, 2021) ....4, 6, 8

*United States v. Rubin/Chambers, Dunhill Ins. Servs.*,
828 F. Supp. 2d 698 (S.D.N.Y. 2011)....10

*United States v. Salzano*,
No. 22-cr-690, 2024 WL 640751 (D.N.J. Feb. 15, 2024)....9

*United States v. Scali*,
No. 16-cr-466, 2018 WL 461441 (S.D.N.Y. Jan. 18, 2018)....10

*United States v. Shapiro*,
Case No. 1:19-cr-20178 (S.D. Fla. 2019) ....9

*United States v. W.R. Grace*,
526 F.3d 499 (9th Cir. 2008) (en banc) ....7

*United States v. Wells*,
No. 3:13-cr-008-RRB-JDR, 2014 WL 12796408 (D. Alaska Mar. 13, 2014) ....8

*United States v. Wilkerson*,
388 F. Supp. 3d 969 (E.D. Tenn. 2019)....3, 4, 6, 7

*Upjohn Co v. United States*,
449 U.S. 383 (1981)....6

**Other Authorities**

Fed R. Crim P. 12.1 ....3, 6, 7

Fed R. Crim P. 12.2 ....3

Fed. R. Crim. P. 12.3 ....3

The Court should deny the Government's motion to compel pretrial disclosure of an advice of counsel defense and any related discovery by June 13, 2025, ***almost four months*** before trial is scheduled to commence. This position is at odds with the Constitution, the Federal Rules of Criminal Procedure, and the caselaw on point.

As described below, courts across the country—including at least two in this Circuit—have rejected the Government's request for pretrial notice of an advice of counsel defense on these grounds, finding compelled disclosure antithetical to our Constitutional system and the rules of criminal procedure and unsupported by authority. To the extent courts have diverged, these non-binding decisions have typically required that such disclosure and waiver of privilege occur ***no more than two weeks*** before trial—as all four of the Government's own cited cases confirm, *see* ECF No. 268 at 4-6—in light of the need to mitigate the burden of a compelled disclosure of defense strategy and waiver of the oldest of the privileges recognized by courts. The Government has failed to proffer a single case supporting compelled disclosure almost four months before trial, as it asks this Court to order here. That unprecedented position should be rejected outright.

Further, as a practical matter, Ms. He has not made the weighty and consequential decision whether to assert an advice of counsel defense. Nor can she be expected to reach this decision any time soon. Before Ms. He decides on what defense, if any, she is going to put on, she is entitled to understand the Government's case in order to determine whether she really needs to lay bare her privileged communications to win her freedom. To do so, she needs to complete her review of the Government's massive existing discovery production—and the Government productions and key disclosures forthcoming. Still outstanding are Government productions of missing memoranda of interviews for witnesses and exhibits included on the lists filed pursuant to this Court's orders, ECF No. 211, 242; at least one key cooperator's plea agreement; voluminous

additional anticipated discovery; and the Government's expert, 404(b), and 801(d)(2)(3) disclosures. Ms. He needs to take time to assess what all of that looks like and how best to defeat that evidence. Only then can she make a reasoned decision of this magnitude.

For all of these reasons, Ms. He should only be required to waive privilege and make a disclosure related to any advice of counsel defense ***if and when she first unequivocally asserts the defense***. Should the Court overrule Ms. He's objection to any compelled pretrial disclosure, at the least, she should not be required to make this decision or any related disclosure earlier than ***two weeks before trial***. As set forth below, this would provide the Government with approximately seven weeks to prepare for any advice of counsel defense that Ms. He may raise—more than sufficient time.

**I. The Government's Request for Compelled Pretrial Notice of an Advice of Counsel Defense is Unconstitutional and Unsupported by the Rules and the Caselaw.**

The Government concedes that there is no statute, rule, or binding case requiring Ms. He to provide advance notice of an intent to raise an advice of counsel defense, and waive privilege over protected attorney-client communications, before she sees the Government's evidence at trial and has the opportunity to assess whether this presentation comes close to meeting its heavy burden of proof. (*See* ECF No. 268 at 4 (acknowledging that "the Federal Rules of Criminal Procedure ***do not require*** a defendant to provide pretrial notice of an advice-of-counsel defense," and that "***there is no binding*** Ninth Circuit authority on this issue") (emphases added).) That is precisely what our Constitutional system contemplates: "[T]he decision to pursue criminal charges carries with it important consequences, including that the defendant has the right to remain silent while the government is required to prove its case beyond a reasonable doubt . . . [O]ther than a seemingly arbitrary, unspecified sentiment about when a proper defense must be formulated," there is no principled reason "why a criminal defendant must decide what defense (if any) to pursue

in advance of trial or risk losing the option altogether." *United States v. Alessa*, 561 F. Supp. 3d 1042, 1049 (D. Nev. 2021) (internal quotation marks and citation omitted). Consistent with our Constitutional system, while the Federal Rules of Criminal Procedure specify that certain defenses must be disclosed before trial, advice of counsel is noticeably absent from the carefully enumerated list. *See* Fed R. Crim P. 12.1 (requiring advance notice of alibi defense); Fed R. Crim P. 12.2 (requiring advance notice of insanity defense); Fed. R. Crim. P. 12.3 (requiring advance notice of public authority defense). This silence speaks volumes, as courts have recognized in rejecting the Government's request for pretrial disclosure of an advice of counsel defense.

Indeed, numerous courts across the country—including in this Circuit—have declined to compel pretrial disclosure of an advice of counsel defense on the grounds that "forcing the defense to disclose anything to the government without the imposition of reciprocal discovery rights ***is foreign to the rules of criminal procedure and our Constitutional system, not to mention that reliance or advice of counsel defenses are not specifically enumerated under Fed. Rs. Crim. P. 12.1, 12.2, or 12.3 as defenses that must be disclosed in advance***." *Alessa*, 561 F. Supp. 3d at 1049 (emphasis added) (rejecting Government's request for pretrial notice of an advice of counsel defense and noting that "the government proffers no binding authority . . . or even within-circuit non-binding authority" to support its motion for pretrial notice of intent to assert an advice of counsel defense); *see also United States v. George*, No. 12-cr-00065, 2015 WL 13450249, at *6 (C.D. Cal. Apr. 24, 2015) (refusing to require defendant to proffer advice of counsel defense before the Government rested its case-in-chief).

As such, "compel[ing] the Defendants to waive their attorney-client privilege in anticipation of trial and explicitly signal whether they will employ a specific defense" not only "is well outside the modest confines of Rule 16," but likely unconstitutional. *United States v.*

*Wilkerson*, 388 F. Supp. 3d 969, 974 (E.D. Tenn. 2019). "Defendants here, for example, could wait and decide what defenses to raise once they see what evidence the Government presents at trial." *Id*. at 975. "Or perhaps they believe the Government is, in any event, unable to put on a case that will survive a motion for a directed verdict," *id.*—a distinct possibility here, in this "first-of-its-kind" prosecution premised on a corporate recklessness theory, *i.e.*, that policies of Ms. He's telehealth business "caused" and "pressured" independent medical practitioners to issue unauthorized prescriptions for FDA-approved medication, *see* Ind. ¶¶ 61–70, but not that Ms. He intended that any practitioner would do so, as the Supreme Court's 2022 decision in *Ruan v. United States*, 597 U.S. 450, 454 (2022), requires. "If that is the case, it would be untenable—and, most likely, unconstitutional—to require Defendants to turn over potential evidence (most of which is currently privileged) to the Government or risk forfeiting a defense. The source of that concept, whatever it might be, is fundamentally foreign to the adversarial system of criminal justice contemplated by the United States Constitution." *Wilkerson,* 388 F. Supp. 3d at 975.

For these reasons, multiple courts throughout the country have refused to compel defendants to disclose an advice of counsel defense or waive privilege prior to trial. The following cases are demonstrative, in addition to those discussed above:

- ***United States v. Ray*, No. 20-cr-110, 2021 WL 5493839, at *5 (S.D.N.Y. Nov. 22, 2021)** (holding that under Rule 16(b), "the government is not entitled to either the names of the attorneys whom [defendant] intends to call as witness or upon whose advice he intends to rely, and the government is not entitled at the pretrial stage to be informed of the charges to which [defendant] intends to assert an advice-of-counsel defense," and defendant was only required to waive privilege when he "unequivocal[ly] assert[ed]" an advice of counsel defense, even if that assertion came as late as the close of the Government's case-in-chief );

- ***United States v. Atias*, No. 14-cr-403, 2017 WL 563978, at *4 (E.D.N.Y. Feb. 10, 2017)** (concluding that "the government has not established that it has a 'right' to pretrial notice as to the defense" of advice of counsel);

- ***United States v. Meredith*, No. 12-cr-143, 2014 WL 897373, at *1 (E.D. Ky. Mar. 6, 2014)** (holding that pretrial disclosure of the charges of which defendant would seek to rely on an advice of counsel defense and identities of attorneys who the defendant intended to call as witnesses at trial was beyond the scope of Rule 16(b));

- ***United States v. Afremov*, No. 06-cr-196, 2007 WL 2475972, at *4 (D. Minn. Aug. 27, 2007)** (holding that "the prosecution [does not] have a right to notice from the defense that it intends to assert an advice of counsel defense at trial" and that defendant had "no obligation under Rule 16(b) to produce discovery [of attorney-client communications] sought by the prosecution, which remains protected by attorney-client privilege");

- ***United States v. Espy*, No. 96-cr-198, 1996 WL 560354, at *1 (E.D. La. Oct. 2, 1996)** ("[T]his Court finds that there is no caselaw to support [the Government's] proposition that a defendant must notify the government if he intends to rely on the advice of counsel defense.").

Recognizing that it does not have a right to pretrial notice of an advice of counsel defense, the Government asks this Court to exercise its discretion to force Ms. He to either reveal her trial strategy to the Government nearly four months in advance of trial, waiving privilege, or else forfeit a defense without seeing how the Government attempts to prove its case. (ECF No. 268 at 4-5.) The Government contends that an exercise of such discretion is warranted because the "reasons underlying" Rules 12.1 and 12.2 (which require advance notice of alibi and insanity defenses) "apply to the advice-of-counsel defense"—specifically "that advance notice is required for these defenses to permit the Government to prepare for trial and avoid the necessity of continuance at trial." (*Id.* at 5.) But rather than support the Government's argument, the Rules cut against it.

As an initial matter, the Government ignores that the Judicial Conference's Committee on Rules of Practice and Procedure and the Supreme Court are presumably aware of this similarity, yet did not promulgate a rule requiring advance notice of an advice of counsel defense as was done for alibi and insanity defenses. "Whatever wisdom supported the adoption of [Rules 12.1 through 12.3], courts should not *ad hoc* invent new ways to coerce criminal defendants to assist the government in their prosecution—absent compelling reason to do so. And it is certainly not a

sufficient justification that doing so would be more convenient for the Government and the Court, as the Government seems to argue here." *Wilkerson*, 388 F. Supp. 3d at 974-75.

The Government also ignores important differences between the advice of counsel defense and the defenses in Rules 12.1 through 12.3. The most obvious is that advance disclosure of these defenses does not require the defendant to waive the attorney-client privilege. "The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law. Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co v. United States*, 449 U.S. 383, 389 (1981) (internal citations omitted). "The disclosure of confidential communications with counsel is a consequential event. . . . Once the privilege is waived, that confidentiality is lost forever." *Ray*, 2021 WL 5493839, at *6. "To require [Defendants] to . . ., months before trial, choose between (1) waiving the privilege and disclosing all of [their] communications with counsel and (2) being barred from later relying on an advice-of-counsel defense to negate the government's proof, would impermissibly burden the attorney-client privilege." *Id.*

Moreover, the Government's request for advance notice of an advice of counsel defense and waiver of privilege does not come with any corresponding obligations to provide reciprocal discovery to the Defendants. "Each requirement [in the Federal Rules of Criminal Procedure] that a defendant provide notice or evidence mandates the government's reciprocity," and the "good reason" for this is that "Constitutional due process 'forbids' compelling a criminal defendant to disclose anything to the government without the imposition of so-called 'reciprocal discovery rights.'" *Wilkerson*, 388 F. Supp. 3d at 973 (quoting *Wardrius v. Oregon*, 412 U.S. 470, 472 (1973)). For example, Rule 12.1 explicitly provides that, once a defendant makes notice of an

alibi defense, the Government "must disclose in writing to the defendant . . . (i) the name of each witness . . . that the government intends to rely on to establish that the defendant was present at the scene of the alleged offense; and (ii) each government rebuttal witness to the defendant's alibi defense." Fed. R. Crim. P. 12.1(b)(1)(A). Here, by contrast, the Government is seeking for the Court to "compel the Defendants to waive their attorney-client privilege in anticipation of trial and explicitly signal whether they will employ a specific defense," without any type of reciprocal obligation from the Government, which runs afoul of due process. *Wilkerson*, 388 F. Supp.3d at 974.

For that reason, the Government's reliance on *United States v. W.R. Grace*, 526 F.3d 499 (9th Cir. 2008) (en banc), *see* ECF No. 268 at 6, is misplaced. There, as the Government notes, the Ninth Circuit ruled that trial courts have inherent authority to require ***the Government*** to provide early disclosure of witness lists and exhibit lists even if not mandated by Rule 16. *Id.* But the Ninth Circuit in *W.R. Grace* made clear that it was not overruling a holding in a prior case, *United States v. Hicks*, 103 F.3d 837, 841–43 (9th Cir. 1996), insofar as *Hicks* concluded that it was error to compel a ***defendant*** to produce a witness or exhibit list before trial. *See W.R. Grace*, 104 F. 3d at 509 n.7 ("We do not decide whether or to what extent the defense can be compelled to disclose a list of its witnesses before trial, and do not address those issues here.").

Multiple courts in this Circuit post-*W.R. Grace* have refused the Government's invitation to exercise their inherent authority to impose discovery obligations on ***a defendant*** beyond those prescribed by the Federal Rules of Criminal Procedure. *See United States v. Millegan*, No. 3:19-CR-00528-IM, 2021 WL 2637325, at *2 (D. Or. June 24, 2021) (requiring Government to serve witness list 3 weeks prior to trial, but recognizing that *Hicks* was still binding in the Circuit with respect to defendants and thus ordering defendants to serve their witness list at *voir dire*); *United*

*States v. Holden*, No. 3:13–cr–00444–BR, 2015 WL 566455, at *1 (D. Or. Feb 10, 2015), *modified in part on other grounds,* 2015 WL 1514569 (D. Or. Mar. 19, 2015) ("[T]he Court notes and the government conceded at oral argument that the Court does not have the authority to compel Defendant to disclose his witness and exhibit lists before trial"); *United States v. Wells*, No. 3:13-cr-008-RRB-JDR, 2014 WL 12796408, at *2 (D. Alaska Mar. 13, 2014) ("The defendant is not required to provide the government with a list of its witnesses ***nor tip its hand as to its defense prior to trial***.") (emphasis added).

In short, the refusal of courts in this Circuit and across the country to exercise their discretion to force defendants to reveal trial strategy beyond what is required by the Rules reflects the fundamentally different positions of the Government and criminal defendants in our Constitutional system. This Court should follow suit and deny the Government's motion to compel Ms. He to commit to raising an advice of counsel defense and waiving privilege before trial. Rather, the Court should require waiver of privilege and production of documents related to an advice of counsel defense if and when Ms. He "unequivocal[ly] assert[s]" that defense. *See, e.g.*, *Ray*, 2021 WL 5493839, at *5; *George,* 2015 WL 13450249, at *6.

## II. <u>At the Least, the Court Should Decline to Require Disclosure of an Advice of Counsel Defense and Related Discovery Sooner than Two Weeks Before Trial.</u>

The non-binding authority that the Government cites, in which courts have compelled advance disclosure of an advice of counsel defense at most ***two weeks*** before trial, undercuts its position that such a disclosure should occur ***almost four months*** before trial. Those courts have found that "[a]lthough inherent authority exists to require pretrial notice and discovery regarding a defendant's assertion of the advice-of-counsel defense, it is important to exercise this authority only to the extent necessary to ensure a fair and efficient trial given the burden placed on the defendant and on the attorney-client privilege." *United States v. Dallman*, 433 F. Supp. 3d 804,

813 (E.D. Va. 2020). As such, "[t]he defendant's burden, namely revealing an aspect of their trial strategy pretrial, can be mitigated by requiring notice of intent to assert the advice-of-counsel defense ***only shortly before trial***." *Id.* (emphasis added).

Indeed, all four of the cases that the Government cites to support its argument that the Court has inherent authority to require pretrial disclosure of an advice of counsel defense have found that trial efficiency can be preserved without unduly burdening the attorney-client privilege by compelling disclosure and waiver of privilege ***two weeks before trial or later***. (*See* ECF No. 268 at 4-6 (citing *Dalmann*, 433 F. Supp. 3d at 813 (ordering notice of an advice of counsel defense ***ten days*** before trial and discovery of privileged material only thereafter); *United States v. Nubla*, No. 21-cr-00139, 2022 WL 16856107, at * 4 (N.D. Cal. Nov. 10, 2022) (ordering defendant to provide notice of intent to raise advice of counsel defense ***two weeks*** before trial and permitting the Government to renew its motion to seek Rule 17(c) subpoenas seeking privileged material thereafter); *United States v. Crowder*, 325 F. Supp. 3d 131, 139 (D.D.C. 2018) (ordering ***two weeks***' advance notice of advice of counsel defense and related discovery); Order Granting Motion to Compel Disclosure of and Discovery Regarding Any Advice of counsel Defense at 3, *United States v. Shapiro*, Case No. 1:19-cr-20178 (S.D. Fla. July 8, 2019), ECF No. 108; Order Granting Motion to Compel, *United States v. Shapiro*, Case No. 1:19-cr-20178 (S.D. Fla. July 17, 2019) ECF No. 123 (ordering defendant to "(1) identify the attorneys who purportedly provided such advice; and (2) waive privilege over, and produce to the Government, all communications he had with those attorneys" ***two weeks*** before scheduled trial date)).)

These decisions are consistent with other courts that have compelled defendants to make a pretrial disclosure of an advice of counsel defense pretrial. *See*, *e.g.*, *United States v. Salzano*, No. 22-cr-690, 2024 WL 640751, at *3 (D.N.J. Feb. 15, 2024) (ordering ***two weeks'*** advance notice of

any advice of counsel defense and related discovery); *United States v. Cooper*, 283 F. Supp. 2d 1215, 1225 (D. Kan. 2003) (same); *United States v. Parks*, No. 18-cr-251, 2022 WL 2916080, at *2 (N.D. Okla. July 25, 2022) (rejecting Government's motion for defendant to provide written notice of intent to raise advice of counsel defense but ordering defendant to provide documents relating to advice of counsel defense ***two weeks*** before trial as part of defendant's Rule 16(b) disclosures); *United States v. Rubin/Chambers, Dunhill Ins. Servs.*, 828 F. Supp. 2d 698, 711 (S.D.N.Y. 2011) (rejecting Government's motion for ***six weeks'*** advance notice of advice of counsel defense in light of defendants' offer to identify, "***prior to trial***," any privileged conversations they intended to introduce at trial) (emphasis added).[1]

The Government provides no justification for this Court to impose an earlier disclosure date in this case than was ordered in the very cases that it relies upon—much less a date nearly four months before trial. The Government argues first that "[t]he need for early disclosure of the advice-of-counsel defense is particularly pointed where, as here, Defendants have worked with several lawyers." (ECF No. 268 at 6.) But in *Dallman*, the Government sought advance notice of an advice of counsel defense in a case involving six separate defendants, which would have required the Government investigate the advice of counsel defense for each of those defendants. 433 F. Supp. 3d at 808. Nevertheless, the Court ***rejected*** the Government's immediate request for

[1] To the extent that courts have ordered defendants to produce privileged information relevant to an advice of counsel defense more than two weeks before trial, it is typically when the defendant has ***already*** voluntarily waived privilege by raising an advice of counsel defense in a pleading. *See*, *e.g*., *United States v. Scali*, No. 16-cr-466, 2018 WL 461441, at *8 (S.D.N.Y. Jan. 18, 2018) (the defendant had already waived privilege by asserting an advice of counsel defense in his pleadings); *United States v. Bachynsky*, No. 04-cr-20250, 2007 WL 1521499, at *2 (S.D. Fla. May 22, 2007) ("With regard to the government's right to obtain these documents in the fact of Mr. Bachynsky's attorney-client privilege, Mr. Bachynsky represented that he intended to assert an advice of counsel defense at trial."). These cases are inapposite because Ms. He has ***not*** waived privilege and, indeed, has made no decision about whether she will raise an advice of counsel defense.

notice of an advice of counsel defense "long before trial" and instead found that disclosure ***10 days*** in advance of trial would suffice. *Id.* at 808-09.

The Government also argues here that "given that Defendants likely consulted with counsel across a variety of subject matters, if Defendants raise an advice-of-counsel defense, questions about the scope of attorney client privilege and the scope of waiver will likely need to be litigated before trial." (ECF No. 286 at 6–7.) But in *Crowder*, the Court found that "because an advice-of-counsel defense is complex and it may raise issues requiring additional briefing before trial," ***two weeks'*** advance notice would be enough time to allow the parties to litigate those issues. 325 F. Supp. 3d at 138–139. Similarly, in *Nubla*, Judge Seeborg ***rejected*** the Government's attempt to subpoena privileged records three months before trial as "premature," providing that the Government could renew its subpoena application after the deadline that the Court set for defendant to provide notice of an intent to raise an advice of counsel defense, which was ***two weeks*** before trial. 2022 WL 16856107, at *4.

If two weeks was sufficient for the Government to investigate the advice of counsel defenses for six separate defendants, litigate issues concerning the scope of the advice of counsel defense, and subpoena privileged records in the cases the Government relies upon, such a disclosure deadline should suffice here as well. That is particularly true because the Government has estimated that its case-in-chief will last 15-20 trial days. Additionally, as the Court has advised, there will be no trial the last week of October. Accordingly, if the Court were to set a disclosure deadline of September 15, 2025 over Ms. He's objection to any compelled pretrial disclosure, the Government would effectively have ***seven weeks*** to prepare for any advice of counsel defense. This is more than enough time to obviate the need for a continuance.

## CONCLUSION

Ms. He has cited eight cases in which courts (including two in this Circuit) have ***declined*** to require defendants to notify the Government of an intent to raise an advice of counsel defense and consequently waive privilege pretrial. She has cited an additional eight cases (including one in this Circuit) in which courts have exercised their inherent authority to require defendants to provide notice of an advice of counsel defense and related discovery ***no earlier than two weeks*** before trial commences. By contrast, the Government failed to cite a single case in which a court has exercised its discretion to compel a defendant to notify the Government of an intent to raise an advice of counsel defense and waive privilege more than two weeks before trial, let alone nearly four months before trial, or else risk forfeiting the defense.

Because the Government's position is at odds with the Constitution, the Federal Rules, and the caselaw—including the four cases it cites—this Court should deny the motion in its entirety. Should the Court overrule Ms. He's objection to any compelled pretrial disclosure, at the least, the Court should decline to set any disclosure and waiver deadline before September 15, 2025.

Dated: May 19, 2025

WILLKIE FARR & GALLAGHER LLP

By: /s/ Koren Bell
Koren Bell
Michael S. Schachter
Steven J. Ballew

Attorneys for Defendant
RUTHIA HE