1  CRAIG H. MISSAKIAN (CABN 125202)
   United States Attorney
2
   RAVI T. NARAYAN (CABN 331858)
3  Acting Chief, Criminal Division

4  LORINDA I. LARYEA (DCBN 99769)
   Acting Chief, Fraud Section
5
   JACOB FOSTER (CABN 250785)
6  Acting Deputy Chief, Fraud Section
   EMILY GURSKIS (VABN 85973)
7  Assistant Chief, Fraud Section

8        U.S. Department of Justice, Fraud Section
         1400 New York Avenue NW
9        Washington, DC 20005
10       Telephone: 202-514-2000
         Jacob.Foster@usdoj.gov
11       Emily.Gurskis@usdoj.gov

12 KRISTINA GREEN (NYBN 5226204)
   Assistant United States Attorney
13
         450 Golden Gate Avenue, Box 36055
14       San Francisco, CA 94102-3495
         Telephone: (415) 436-7200
15       Kristina.Green@usdoj.gov

16 Attorneys for United States of America

17                    UNITED STATES DISTRICT COURT

18                   NORTHERN DISTRICT OF CALIFORNIA

19                          SAN FRANCISCO DIVISION

20

21 UNITED STATES OF AMERICA,           ) No. 24-CR-00329 CRB
                                       )
22        Plaintiff,                   )
                                       )
23     v.                              ) JOINT PRETRIAL CONFERENCE STATEMENT
                                       )
24 RUTHIA HE, A/K/A RUJIA HE, and      ) Judge: Hon. Charles R Breyer
   DAVID BRODY,                        ) Pretrial Conf.: September 9, 2025
25                                     ) Trial Date: September 29, 2025
          Defendants.                  )
26                                     )

27

28

## I. INTRODUCTION

Pursuant to Criminal Local Rule 17.1-1(b), the government and the defendants respectfully submit the following Pretrial Conference Statement.

## II. FACTUAL BACKGROUND

The Indictment charges the defendants with seven offenses. Three counts charge the defendants with conspiracy to commit unlawful acts, and the remaining four counts charge related substantive offenses. Count One charges defendants with conspiracy to distribute controlled substances. *See* ECF No. 1 ¶¶ 54–74. Counts Two through Five allege substantive counts of distribution of a controlled substance. *See id.* ¶¶ 75–76. Count Six alleges a Conspiracy to Commit Health Care Fraud. *Id.* ¶¶ 77–80. Count Seven alleges a conspiracy to obstruct justice. *Id.* ¶¶ 81–89.

## III. ITEMS LISTED IN CRIMINAL LOCAL RULE 17.1-1

**a. Disclosure and contemplated use of statements or reports of witnesses under the Jencks Act, 18 U.S.C. § 3500, or Fed. R. Crim. P. 26.2.**

The government has complied, and will continue to comply, with its discovery obligations under *Brady*, *Giglio*, and the Jencks Act, 18 U.S.C. § 3500, and Federal R. Crim. P. 26.2. The government is unaware at this time of any Jencks or *Giglio* material in its possession that it has not produced.

**b. Disclosure and contemplated use of grand jury testimony of witnesses intended to be called at the trial.**

The government does not intend to call any witness who has testified before the grand jury.

**c. Disclosure of exculpatory or other evidence favorable to the defendant on issue of guilt or punishment**

The United States believes that it has disclosed all *Brady* material within its possession, custody, or control, and recognizes its ongoing obligation to do so. The government also understands its continuing duty to comply with Rule 16 and will do so.

Defendant He has sought additional *Brady* material in a pending motion to compel (ECF 312), and a supplemental discovery letter dated July 17, 2025, which is pending resolution with the Government.

    **d.**    **Stipulation of facts which may be deemed proved at trial without further proof by either party and limitation of witnesses.**

The parties are discussing potential stipulations, including a stipulation that certain records are admissible as business records.

If the parties agree on a stipulation for any of these topics, the parties will agree that these records will be admissible at trial pursuant to Federal Rules of Evidence 803(6), 803(8) and 901(a), 902(11), 902(13) and/or 902(14).

    **e.**    **Appointment by the Court of interpreters under Fed. R. Crim. P. 28.**

The government does not intend to call any witnesses who will require an interpreter. Defendant He has not yet made a determination about the witnesses she may call and whether any may require an interpreter.

    **f.**    **Dismissal of counts and elimination from the case of certain issues, e.g., insanity, alibi, and statute of limitations.**

The government does not intend to dismiss any counts of the indictment. The Court has ordered the defendants to provide any advice of counsel defense by September 15, 2025. (ECF No. 311.)

    **g.**    **Joinder pursuant to Fed. R. Crim. P. 13 or the severance of trial as to any co-defendant.**

There are no pending joinder or severance issues in this case. Defendants filed a motion for severance that was denied by the Court.

    **h.**    **Identification of informers, use of lineup or other identification evidence and evidence of prior convictions of defendant or any witness.**

There are no confidential informants who will testify in this case. If applicable, the government has provided the defendants with a list of witnesses who have signed cooperation plea agreements.

    **i.**    **Pretrial exchange of lists of witnesses intended to be called in person or by deposition to testify at trial, except those who may be called only for impeachment purposes.**

In accordance with the Court's scheduling order, the government provided the defendants with its initial witness list in March 2025. (ECF No. 214, Transcript of Jan. 8, 2025 Hearing). Since March 2025, the government has periodically updated its witness list and provided the revised versions to the defendants. The government will file its witness list on August 26, 2025. The government reserves the

right to amend its witness lists at any time prior to and during the trial, if necessary. The defendants will file their witness list no later than September 29, 2025.

  **j. Pretrial exchange of documents, exhibits, summaries, schedules, models or diagrams intended to be offered or used at trial, except materials that may be used only for impeachment or rebuttal.**

In accordance with the Court's scheduling order, the government provided the defendants with its initial exhibit list in March 2025. (ECF No. 214, Transcript of Jan. 8, 2025 Hearing). Since March 2025, the government has periodically updated its exhibit list and provided the revised versions to the defendants. The government will file its exhibit list on August 26, 2025. The defense will file its exhibit list on September 29, 2025.

  **k. Pretrial resolution of objections to exhibits or testimony to be offered at trial.**

The government has filed seventeen motions in limine. Defendants have filed oppositions to these motions *in limine*. Defendants have filed three motions *in limine* and the government has filed oppositions to these motions. Replies to motions *in limine* are due August 26, 2025.

  **l. Preparation of trial briefs on controverted points of law likely to arise at trial.**

The parties are not currently aware of any controverted points of law. The parties anticipate that any controverted points of law will be reflected in the jury instruction submissions due on September 2, 2025.

  **m. Request to submit questionnaire for prospective jurors pursuant to Crim. L.R. 24-1, voir dire questions, exercise of peremptory and cause challenges and jury instructions.**

In accordance with the scheduling order, the parties anticipate filing proposed additional questions to the jury questionnaire on August 26, 2025 and jury instructions on September 2, 2025. (ECF 311). The government believes that each party should receive the same amount of time to conduct prospective juror *voir dire*. The government believes that 30 minutes per side of prospective juror *voir dire* is sufficient, in addition to the *voir dire* conducted by the Court and the written responses to the jury questionnaire, while Ms. He and Dr. Brody each request up to one hour.

**n.     Any other matter that may tend to promote a fair and expeditious trial.**

The parties have been working together in an effort to promote a fair and expeditious trial, including with respect to reaching fact and record stipulations. The parties will continue to meet and confer about any issues that arise in advance of trial.

DATED: August 27, 2025                             Respectfully submitted,

                                                    CRAIG H. MISSAKIAN
                                                    United States Attorney


                                                     /s/
                                                    JACOB FOSTER
                                                    Acting Deputy Chief
                                                    EMILY GURSKIS
                                                    Assistant Chief
                                                    Fraud Section, U.S. Department of Justice


                                                     /s/
                                                    KRISTINA GREEN
                                                    Assistant United States Attorney


DATED: August 27, 2025                             Respectfully submitted,

                                                     /s/
                                                    Koren Bell
                                                    Michael S. Schachter
                                                    Steven J. Ballew
                                                    WILLKIE FARR & GALLAGHER LLP

                                                    *Attorneys for Defendant*
                                                    RUTHIA HE


DATED: August 27, 2025                             Respectfully submitted,

                                                     /s/
                                                    Valery Nechay

                                                    *Attorney for Defendant*
                                                    DAVID BRODY

JOINT PRETRIAL CONFERENCE STATEMENT
24-CR-00329 CRB                                     5