WILLKIE FARR & GALLAGHER LLP
Koren Bell (SBN 268614)
  kbell@willkie.com
2029 Century Park East
Los Angeles, CA 90067
T: 310-855-3016
F: 310-855-3099

Michael S. Schachter (*Pro Hac Vice*)
Steven J. Ballew (*Pro Hac Vice*)
  mschachter@willkie.com
  sballew@willkie.com
787 Seventh Avenue
New York, NY 10019-6099
T: 212-728-8102
F: 212-728-9102

Attorneys for Defendant
RUTHIA HE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:24-cr-00329-CRB |
| Plaintiff, | **DEFENDANT RUTHIA HE'S NOTICE OF WITHDRAWAL OF ADVICE OF COUNSEL DEFENSE.** |
| v. | |
| RUTHIA HE, A/K/A RUJIA HE, and DAVID BRODY, | |
| Defendants. | |

On September 15, 2025, Ms. He served the Government with a timely Notice of Intent to Raise an Advice of Counsel Defense. Dkt. 399-1 (hereafter, the "Notice"). On September 19, the Government moved to exclude Ms. He's advice of counsel defense wholesale, but did not seek any other relief. *See* Dkt. 399. On September 22, Ms. He opposed the Government's motion to preclude the jury from learning that Ms. He sought and received legal advice on *specific* Done policies and practices that the Indictment and the Government's exhibits expressly place at issue, consistent with well-established Ninth Circuit law on limited subject-matter waiver. *See* Dkt. 401.

On September 22, the Court issued an oral ruling, over Ms. He's strenuous objection, ordering *sua sponte* a remedy that the Government did not seek, and which Ms. He did not therefore have a chance to brief. The Court held that, in order for the Court to evaluate whether or not Ms. He had in fact asserted an appropriate limited subject-matter waiver in the Notice, the Government—and specifically, the *prosecution team*—would be permitted to depose, under Federal Rule of Criminal Procedure 15, and compel the production of records from (i) *any* attorney consulted by Done or Ms. He, (ii) regarding *any and all* legal advice provided, (iii) with respect to *any* subject that the prosecution team determines to be related to the Indictment, including on subjects outside of those described in the Notice, as well as the basis for that advice, including communications between Ms. He and counsel. *See* Exhibit A (Transcript of Sept. 22, 2025 Hearing at 49:5-74:23, 99:18-100:8). The Court also denied Ms. He's request that the filter team currently in place to review privileged communications in this case—and *not* the prosecution team—be the Government lawyers tasked with this exercise. *See id.* at 72:18-75:23.

The Court's *sua sponte* ruling presented Ms. He with a Hobson's choice between (1) waiving the privilege, disclosing *to the prosecution team*, and forever losing confidentiality over *all* of her communications with counsel, on subjects that go far beyond her Notice; or (2) forfeiting an advice-of-counsel defense which powerfully negates the Government's proof on the specific subject matter at issue in this case, pursuant to her constitutional right to present a defense. *See Bittaker v. Woodford*, 331 F.3d 715, 724 n.7 (9th Cir. 2003).

On September 22, following the Court's ruling, Ms. He notified the Government that she was withdrawing her Notice of Intent to Raise Advice of Counsel Defense and asked the Government to destroy the privileged materials that she had produced pursuant thereto. Ms. He hereby files this Notice to advise the Court of the same.

Dated: September 24, 2025      WILLKIE FARR & GALLAGHER LLP

By:    */s/ Koren Bell*
Koren Bell
Michael S. Schachter
Steven J. Ballew

*Attorneys for Defendant*
RUTHIA HE