CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

RAVI T. NARAYAN (CABN 331858)
Acting Chief, Criminal Division

LORINDA I. LARYEA (DCBN 99769)
Acting Chief, Fraud Section

JACOB FOSTER (CABN 250785)
Acting Deputy Chief, Fraud Section

EMILY GURSKIS (VABN 85973)
Assistant Chief, Fraud Section

    U.S. Department of Justice, Fraud Section
    1400 New York Avenue NW
    Washington, DC 20005
    Telephone: 202-514-2000
    Jacob.Foster@usdoj.gov
    Emily.Gurskis@usdoj.gov

KRISTINA GREEN (NYBN 5226204)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, CA 94102-3495
    Telephone: (415) 436-7200
    Kristina.Green@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>RUTHIA HE, A/K/A RUJIA HE, and DAVID BRODY,<br><br>    Defendants. | No. 24-CR-00329 CRB<br><br>MOTION TO PRECLUDE DEFENDANT HE'S INTRODUCTION OF HEARSAY AND SPECIFIC INSTANCES OF GOOD CONDUCT DURING CROSS-EXAMINATION OF ANTHONY GUZMAN<br><br>Trial Date: September 29, 2025 |

The government moves to preclude Defendant He from introducing self-serving hearsay and specific instances of good conduct during cross examination of DEA Special Agent Anthony Guzman. While the Court already ruled that such evidence is inadmissible, Defendant He has repeatedly used cross examination as an opportunity to admit hearsay into evidence, as the government has raised in multiple rounds of briefing to date. *See* ECF No. 422 (moving to exclude video containing inadmissible hearsay statements of coconspirator Les Tsang); ECF No. 438 (moving to exclude video containing self-serving hearsay of Defendant Brody); ECF No. 469 (moving to strike Exhibit 6275, an exchange between Defendant He and Done engineers during cross examination of witness Kristin Bowen). As the Court has repeatedly observed, Defendant He cannot properly admit this evidence through cross examination of witnesses who lack personal knowledge or a foundation to establish its admissibility. *See, e.g.*, Tr. 1595:16-18 (instructing Defendant He to move on from Exhibit 6275 and noting that "[t]his is the difficulty of documents without a proper foundation.").

There are three key issues with Defendant He's practices on cross examination to date, all of which are contrary to settled law and this Court's prior guidance. *First*, simply claiming that evidence may bear on the defendant's state of mind does not render self-serving hearsay admissible. *See, e.g.*, Tr. 875 (rejecting prior claim that hearsay statements went to Defendant He's state of mind, noting that "the danger of the statement itself, you see, is that un-cross-examined, there's no way [to] determine [the] accuracy of the state of mind."). *Second*, while out-of-court statements made to a defendant may sometimes appropriately be used to impeach a witness, that is not the case when the witness did not make the statements or have personal knowledge of the exchange. *See, e.g.*, Tr. 1639 (rejecting Defendant He's argument that self-serving hearsay is impeaching where it "doesn't go to [the witness's] truth-telling abilities," but merely "introduces evidence that may or may not be relevant, [and] may or may not be admissible"). *Third*, Defendant He has regularly gone well beyond the scope of the government's direct examinations, taking up most of this week's time on cross examination of one witness alone.

These practices raise particular concerns in the context of an agent who participated in the investigation, as Defendants might theoretically claim that any extrinsic evidence or statements relating

to the investigation are therefore appropriate for cross examination.  Courts around the country recognize that this practice is inadmissible, and this Court should follow suit to avoid further undue delay and ensure that admissible evidence is presented in an appropriate manner.  *See, e.g.*, *United States v. Adeniyi*, 2004 WL 1077963, at *3 (S.D.N.Y. 2004) (rejecting defendant's contention that because an agent "participated in an investigation of Defendant, coupled with [the agent's] testimony regarding certain specific aspects of that investigation, combined to give defense counsel carte blanche to inquire into any subject related to the investigation of Defendant").

I.   **HEARSAY AND INSTANCES OF GOOD CONDUCT ARE NOT ADMISSIBLE**

It is well established that a defendant may not introduce self-serving statements into evidence, whether through a case agent or otherwise.  *See, e.g.*, *United States v. Reyes*, 435 F. App'x 596, 597 (9th Cir. 2011); *United States v. Salas-Lozano*, 2024 WL 4876950, at *1 (N.D. Cal. 2024).  Otherwise, a defendant could effectively testify to the jury without subjecting herself to cross examination.  *See United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000) (noting that if the district court were to allow a defendant to admit non-self-inculpatory statements on cross-examination, a defendant would be able "to place his exculpatory statements 'before the jury without subjecting [himself] to cross-examination, precisely what the hearsay rule forbids.'") (quoting *United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir. 1988)) (alteration in original).  Similarly, "evidence of the defendant's good conduct is not admissible to negate his criminal intent."  *United States v. Ellisor*, 522 F.3d 1255, 1270–71 (11th Cir.2008).

Despite this rule, Defendant He has often claimed that hearsay statements in conversations with her are admissible because they go to her state of mind.  The Court should not credit this rationale.  "Witness testimony 'about the defendants' state of mind at the time, a subject about which [defendants] could be examined and cross-examined if they took the stand,' is inadmissible hearsay."  *United States v. Dashner*, 2015 WL 3660331, at *4 (N.D. Cal. June 2, 2015) (quoting *United States v. Kahre*, 737 F.3d 554, 577–78 (9th Cir. 2013)).  The Ninth Circuit has reaffirmed this principle repeatedly.  For example, where one defendant offered her statements "to show her knowledge in order to refute the intent requirement of the crimes charged," the Ninth Circuit affirmed that she "proffered the [evidence] to

prove the truth of her statements to the investigators," and that the District Court thus properly excluded the evidence as inadmissible hearsay. *United States v. Sayakhom*, 186 F.3d 928, 937 (9th Cir. 1999). Accordingly, Defendant He cannot simply offer her own statements or acts into evidence based simply on the rationale that they negate her criminal intent. *See United States v. Marley*, 621 F. App'x 936, 941 (11th Cir. 2015) (Noting that memorandum offered by defendant "was not admissible to negate his intent to commit the crimes charged in the indictment. . . . While Marley asserts that he offered the memo to show his state of mind at the time he wrote it, that, too, was an impermissible hearsay use that depended on the truth of the memo's contents").

Likewise, Defendant He cannot admit hearsay statements that others made to her on the theory that their assertions go to her state of mind. *United States v. Bishop* is directly on point. *See* 291 F.3d 1100, 1110 (9th Cir. 2002). There, defendants charged with tax offenses intended to present a witness who would testify that an accountant named Lambrose had provided advice to the defendants. *See generally id.* The Ninth Circuit held that this testimony was properly excluded, as "such testimony was offered to prove the truth of the matter asserted: Lambrose gave defendants certain advice, and they relied on that advice. No one cares what Lambrose told [the witness] except if it were true that Lambrose gave the defendants certain advice." Accordingly, Defendant He should not be permitted to introduce statements that others made to her simply to prove that she relied on their advice.

The government is mindful that Defendants have the right to present an effective defense. But that does not give them the right to present inadmissible evidence or circumvent procedures that allow the government a meaningful opportunity to cross-examine and test that same evidence. Defendants have listed numerous witnesses who may be competent to lay the foundation for admission of evidence in their favor, and they remain free to testify in their defense as well. Neither the constitution, the Rules of Evidence, nor precedent require the Court to let Defendants present that evidence on cross examination of the case agent. *See Sayakhom*, 186 F.3d at 937 (holding exclusion of self-serving hearsay did not preclude "the possibility that either side could use the [evidence] for impeachment or any other purpose that would independently generate the use of the evidence"); *Marley*, 621 F. App'x at 941 ("While the court ruled that defense counsel could not introduce the memo for the purpose of cross-

examining the FBI case agent, it did not categorically exclude the closing memo from evidence. Rather, it indicated that, if the defense wished to offer the memo, Marley would have to take the stand to lay a foundation for its contents; Marley declined to do so.").

## II. HEARSAY AND SPECIFIC INSTANCES OF GOOD CONDUCT DO NOT IMPEACH THE CASE AGENT

Defendant He cannot admit self-serving hearsay or specific instances of good conduct under the guise that it impeaches the government's investigation, either. "Impeachment evidence only proves that the declarant lacks credibility; substantive evidence proves the facts in dispute." *Urooj v. Holder*, 734 F.3d 1075, 1079 (9th Cir. 2013). Based on this principle, the Ninth Circuit has held that "[i]mpeachment is improper when employed as a guise to present substantive evidence to the jury that would be otherwise inadmissible." *United States v. Gilbert*, 57 F.3d 709, 711 (9th Cir. 1995); *United States v. Rusnak*, 981 F.3d 697, 708 (9th Cir. 2020) ("Attorneys may not introduce hearsay statements under the guise of cross-examination.") (cleaned up); *Diaz v. Pima County*, 34 Fed. Appx. 309, 311 (9th Cir. 2002) (holding that district court did not abuse discretion in rejecting plaintiff's attempts to refer to the contents of an exhibit, ostensibly for impeachment purposes, in a redirect examination of a witness when the document touched only tangentially on the witness's role).

As a general matter, conversations and statements made by Done employees do not bear on the truth-telling abilities of a DEA Special Agent, and they are not the witness's own prior statements. And while Defendant He has previously argued that a witness can be impeached through extrinsic evidence, that is not an independent basis to admit the extrinsic evidence. *See, e.g.*, *Hernandez v. United States*, 2023 WL 11967352, at *69 (S. D. Tex. Dec. 18, 2023) ("While the examiner may raise the circumstance of an extrinsic fact in attempting to establish a contradiction, the examiner must otherwise 'take the answer' of the witness, such that the examiner may not disprove the answer by extrinsic evidence."). Ultimately, the presentation of evidence that favors her side of the case, rather than the government's, does nothing to specifically impeach the credibility of the case agent, and such evidence must accordingly be introduced through a competent witness who can establish its admissibility.

## III. THE COURT SHOULD LIMIT THE SCOPE OF CROSS EXAMINATION TO THE SUBJECT MATTER OF DIRECT EXAMINATION

Finally, the Federal Rules of Evidence establish that "[c]ross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility." Fed. R. Evid. 611(b). While the Court possesses the discretion to allow a defendant leeway on cross, Rule 611(a) provides that this discretion should be exercised to make examinations "effective for determining the truth" and to "avoid wasting time." The conduct of trial to date reveals that these ends will be best served by following the general rule of limiting cross examinations to the scope of direct examination.

There is no reason to depart from this general practice simply because Special Agent Guzman participated in the investigation, either. "The fact that the witness is a law enforcement agent who had wide involvement in an investigation of the defendant does not expand the scope of permissible cross-examination." *United States v. Solla*, 2021 WL 5756394, at *7 (S.D.N.Y. Dec. 2, 2021); *United States v. Koskerides*, 877 F2d 1129 (2d Cir. 1989); *see also, e.g. United States v. Payne*, 2025 WL 2688928, at *13–14 (W.D.N.Y. Sept. 19, 2025) ("Cross-examination of any witness, even a case agent involved in the investigation of a defendant, is limited to "the subject matter of the direct examination and matters affecting the witness's credibility.").

Ultimately, "[t]here is no rule that permits a defendant to hijack the government's case to present its own exculpatory evidence." *United States v. Menendez*, 759 F. Supp. 3d 460, 523 (S.D.N.Y. 2024). If Defendant He wishes to present admissible evidence in her defense, the appropriate way to do so is through the testimony of other competent witnesses that she has listed, including herself if needed.

## IV. CONCLUSION

For the reasons stated above, the government requests that the Court preclude the introduction of hearsay and specific instances of good conduct through the cross examination of Special Agent Guzman.

DATED: November 6, 2025                  Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

_/s/_____

| | |
|---|---|
| 1 | JACOB FOSTER |
| | Acting Deputy Chief |
| 2 | EMILY GURSKIS |
| | Assistant Chief |
| 3 | Fraud Section, U.S. Department of Justice |
| 4 | |
| 5 | /s/  |
| | KRISTINA GREEN |
| 6 | Assistant United States Attorney |