**Volume 27**

**Pages 5697 - 5708**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Charles R. Breyer, Judge

UNITED STATES OF AMERICA,       )
                                )
          Plaintiff,            )
                                )
  vs.                           )  **NO. 3:24-cr-00329-CRB**
                                )
RUTHIA HE and DAVID BRODY,      )
                                )
          Defendants.           )
                                )

San Francisco, California
Tuesday, November 18, 2025

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiff:

CRAIG H. MISSAKIAN
United States Attorney
Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102
BY: **KRISTINA GREEN**
**ASSISTANT UNITED STATES ATTORNEY**

U.S. DEPARTMENT OF JUSTICE
FRAUD SECTION
950 Pennsylvania Avenue NW
Washington, D.C. 20530
BY: **JACOB N. FOSTER,**
**ACTING CHIEF, HEALTHCARE FRAUD UNIT**

(APPEARANCES CONTINUED ON FOLLOWING PAGE)

Reported By:  Ruth Levine Ekhaus, RMR, RDR, FCRR, CCG
              Official Reporter, CSR No. 12219

**APPEARANCES**:    (CONTINUED)

                    U.S. DEPARTMENT OF JUSTICE
                    CRIMINAL DIVISION
                    1400 New York Avenue NW
                    Washington, D.C. 20001
                BY: **EMILY GURSKIS, ASSISTANT CHIEF**

                    JOSEPH NOCELLA, JR.
                    United States Attorney
                    Eastern District of New York
                    271-A Cadman Plaza East
                    Brooklyn, New York 11201
                BY: **ARUN BODAPATI, TRIAL ATTORNEY**

For Defendant He:
                    WILLKIE FARR & GALLAGHER LLP
                    2029 Century Park East - Suite 2900
                    Los Angeles, California 90067
                BY: **KOREN L. BELL, ATTORNEY AT LAW**

                    WILLKIE FARR & GALLAGHER LLP
                    787 7th Avenue
                    New York, New York 10019
                BY: **MICHAEL S. SCHACHTER, ATTORNEY AT LAW**
                    **STEVEN J. BALLEW, ATTORNEY AT LAW**

For Defendant Brody:
                    LAW OFFICE OF VALERY NECHAY
                    Law Chambers Building
                    345 Franklin Street
                    San Francisco, California 94102
                BY: **VALERY NECHAY, ATTORNEY AT LAW**

**Also Present:   Thifany Braga**
            **Simon Hall**
            **Mackenzie Slater**
            **Andy Cepregi**
            **Ashley Moore**
            **Barbara Hua Robinson, Mandarin Interpreter**
            **Jeff Dinn, Mandarin Interpreter**

**I N D E X**

Tuesday, November 18, 2025 - Volume 27

|         | PAGE | VOL. |
|---------|------|------|
| Verdict | 5700 | 27   |

**Tuesday - November 18, 2025**                                  **2:05 p.m.**

**P R O C E E D I N G S**

**---o0o---**

(Proceedings were heard out of the presence of the jury.)

**THE COURTROOM DEPUTY:**  All rise.  Court is now in session.  The Honorable Charles R. Breyer presiding.

You may be seated.

**THE COURT:**  Okay.  Let the record reflect that all parties are present.

The Court received a note from the jury that they have reached a verdict.  So we'll bring in the jury.

(The jury enters the courtroom.)

(Proceedings were heard in the presence of the jury.)

**THE COURT:**  Okay.  Please be seated.  Let the record reflect all jurors are present.  Parties are present.

I understand you have reached a verdict.  Would you hand it to Ms. Scott.

**VERDICT**

**THE COURT:**  Okay.

(Pause in proceedings.)

**THE COURT:**  Okay.  Would you read the verdict.

**THE COURTROOM DEPUTY:**  Ladies and gentlemen of the jury, please listen to your verdict as it will stand recorded.

In the United States District Court for the Northern District of California, Case Number CR 24-00329-CRB, U.S.A.

versus Ruthia He, also known as Rujia He, and David Brody:

Count 1, 21 U.S.C. Section 846, conspiracy to distribute controlled substances:  We, the jury in the above-captioned case, unanimously find the defendant listed below, Ruthia He, guilty, David Brody, guilty, of the charge of conspiracy to distribute controlled substances containing a detectable amount of Schedule II controlled substances including amphetamine-dextroamphetamine, and other stimulants, as charged in Count 1.

Count 2, 21 U.S.C. Section 841(a), and 21 U.S.C. Section 841(b)(1)(C), and 18 U.S.C. Section 2, distribution of controlled substances:  We, the jury in the above-captioned case, unanimously find the defendant listed below, Ruthia He, guilty, David Brody, guilty of the charge of distribution of controlled substances in connection with the distribution of mixed amphetamine salts ER, 20mg capsule, to H.B. on or about October 14, 2020, as charged in Count 2.

Count 3, 21 U.S.C. Section 841(a) and 21 U.S.C. Section 841(b)(1)(C), and 18 U.S.C. Section 2, distribution of controlled substances.  We, the jury in the above-captioned case, unanimously find the defendant listed below, Ruthia He, guilty, David Brody, guilty of the charge of distribution of controlled substances in connection with the distribution of dextroamphetamine amphetamine ER, 10 mg capsule, to T.T. on or about July 27th, 2022, as charged in Count 3.

Count 4, 21 U.S.C. Section 841(a) and 21 U.S.C. Section 841(b)(1)(C) and 18 U.S.C. Section 2, distribution of controlled substances:  We, the jury in the above-captioned case, unanimously find the defendant listed below, Ruthia He, guilty, David Brody, guilty of the charge of distribution of controlled substances in connection with distribution of amphetamine salt combo, 30 mg tablet, to V.S. on or about June 18, 2021, as charged in Count 4.

Count 5, 21 U.S.C. Section 841(a) and 21 U.S.C. Section 841(b)(1)(C), and 18 U.S.C. Section 2, distribution of controlled substances:  We, the jury in the above-captioned case, unanimously find the defendant listed below, Ruthia He, guilty, David Brody, guilty, of the charge of distribution of controlled substances in connection with the distribution of amphetamine salt combo, 20 mg tablet, 2X per day, to N.C. on or about October 7, 2022, as charged in Count 5.

Count 6, 18 U.S.C. Section 1349, conspiracy to commit healthcare fraud:  We, the jury in the above-captioned case, unanimously find the defendant listed below, Ruthia He, guilty, David Brody, guilty, of the charge of conspiracy to commit healthcare fraud as charged in as charged in Count 6.

Count 7, 18 U.S.C. Section 1512(k), conspiracy to obstruct justice.  We, the jury in the above-captioned case, unanimously find the defendant listed below, Ruthia He, guilty of the charge of conspiracy to obstruct justice as charged in as

charged in Count 7.

Dated November 18, 2025, at San Francisco, California, foreperson of the jury Susan Hosking.

THE COURT: Does any counsel wish to have the jury polled?

MS. BELL: Yes, Your Honor.

THE COURT: Okay. Would you poll the jury.

THE COURTROOM DEPUTY: Ms. Hosking -- should I give them the microphone?

THE COURT: No. We don't need it.

THE COURTROOM DEPUTY: Okay.

Ms. Hosking, is the verdict read your verdict?

JUROR HOSKING: Yes.

THE COURTROOM DEPUTY: Ms. Dean, is the verdict read your verdict?

JUROR DEAN: Yes.

THE COURTROOM DEPUTY: Mr. Dell, is the verdict read your verdict?

JUROR DELL: Yes.

THE COURTROOM DEPUTY: Ms. Wyland, is the verdict read your verdict?

JUROR WYLAND: Yes.

THE COURTROOM DEPUTY: Mr. Cheeseborough, is the verdict read your verdict?

JUROR CHEESEBOROUGH: Yes.

THE COURTROOM DEPUTY: Mr. Moore, is the verdict read your verdict?

JUROR MOORE: Yes.

THE COURTROOM DEPUTY: Mr. Crites, is the verdict read your verdict?

JUROR CRITES: Yes.

THE COURTROOM DEPUTY: Mr. Dehouck, is the verdict read your verdict?

JUROR DEHOUCK: Yes.

THE COURTROOM DEPUTY: Ms. Lewis, is the verdict read your verdict?

JUROR LEWIS: Yes.

THE COURTROOM DEPUTY: Mr. Colgan, is the verdict read your verdict?

JUROR COLGAN: Yes.

THE COURTROOM DEPUTY: Mr. Brooks, is the verdict read your verdict?

JUROR BROOK: Yes.

THE COURTROOM DEPUTY: Ms. Ferguson, is the verdict read your verdict?

JUROR FERGUSON: Yes.

THE COURTROOM DEPUTY: Your Honor, the verdict is unanimous.

THE COURT: Okay. The verdicts are entered and recorded.

So, ladies and gentlemen, that concludes your jury service, and I want to thank you on behalf of the Court.

I think I can remark that in my 26 years on the bench, I have never ever seen a jury as attentive as you, including -- including the six alternates, who obviously we didn't need. You were here on time.  No one was absent.  No issues at all; and you are to be congratulated for discharging your jury service in such a professional way.

Now, the rule is very simply:  There is no rule in connection with your discussing the case.  You are free to discuss it with anyone who will listen, and you are also free not to discuss it; it's totally up to you.  And I -- I hope that -- that when I said to you three months ago -- two and a half months ago, whatever it was -- that you would find the experience to be interesting, I hope that you have found it interesting.

I never said it would be easy.  And I'm sure it was very difficult.  It always is difficult to pass judgment on other people.  That's not an easy task.  I feel, as a judge, I'm extremely fortunate to participate in a system that has jurors that do that task rather than the Court.

So with that, I want to thank you on behalf of everyone here for your jury service.  I want to wish you a wonderful Thanksgiving.  And if you go back into the room, I will join you in a minute or so.

You're discharged.

(The jury was discharged and left the courtroom.)

(Proceedings were heard out of the presence of the jury.)

THE COURT:  Okay.  The jurors have left.  In terms of motions for a new trial, why don't you work out a schedule amongst yourselves to accommodate each other.

Sentencing will be when, Ms. Scott?

THE COURTROOM DEPUTY:  February 25th at 10:00 a.m.

THE COURT:  Okay.  And Ms. He is in custody.

Dr. Brody, I'm not going to place you in custody; however, I am going to require you to be confined to your residence and with the following condition:  You are to participate in the location monitoring program as directed by the probation officer, and be monitored by location monitoring technology at the discretion of the probation officer.

Location monitoring shall be utilized to verify your compliance with home incarceration.  While on the program, the defendant is restricted to his residence at all times except for medical necessities and court appearances or other activities specifically approved by the Court.

The defendant shall pay all or part of the cost of the program based upon his ability to pay as determined by the probation officer.

So you are directed -- I think we have a Pretrial Services person here in the courtroom; is that right?

Yes.

You're directed to go with her now and we will -- oh,
okay.  Well --

(Dr. Brody leaves the courtroom.)

**MS. NECHAY:**  Just give him a second, Your Honor.  He's
not going anywhere.

**THE COURT:**  I think you ought to attend.

Now, it is also the intention of the Court to talk to the
jurors.  And what I say to the jurors -- I don't say anything
about the case, but I give them the opportunity to come back
into the courtroom, sit in the jury box and -- because the
parties aren't here, the defendants will not be present -- but
you're free to ask them any questions, discuss the case.

I've always observed that when an individual -- when a
counsel loses a case they think, "Oh, I did everything wrong,
or some things wrong," and the other -- winning side thinks,
"Oh, I did most things right."  And I find that the truth is
really in the middle, and it's very, very useful as a
pedagogical device to be able to talk with jurors, find out
what they thought, what their perceptions were of the case.

So -- I won't be here, so I won't have that inhibiting
factor.  But they'll be out in a few minutes.

Thank you very much.  And thank you -- I did thank you the
other day, and I want to thank you again.  The case was
professionally presented.  The parties -- the lawyers got

along, at least it seemed that way.  And they were cooperative. They were always professional.  I had no issues with anybody at all.  And I think it was -- really was a model of presenting a case.  And I want to thank -- each lawyer did a wonderful job. I just want to thank you.  We're in recess.

MR. FOSTER:  Thank you.

MS. NECHAY:  Thank you, Your Honor.

THE PRETRIAL SERVICES OFFICER:  Judge, also on the record, can you place Dr. Brody on pretrial supervision?

THE COURT:  Yes.  He's on pretrial supervision. Dr. Brody is on pretrial supervision.

THE COURTROOM DEPUTY:  He should be placed on it.

THE COURT:  Yes.  And this was the condition of location monitoring so I don't place him in custody.

MS. NECHAY:  Thank you, Your Honor.

THE PRETRIAL SERVICES OFFICER:  And if he has a passport, he needs to surrender it.

THE COURT:  He did surrender his passport.

MS. NECHAY:  I believe so.

THE COURT:  Yes, he did.

(Proceedings adjourned at 2:21 p.m.)

---o0o---

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:   Wednesday, November 19, 2025

_____
Ruth Levine Ekhaus, RMR, RDR, FCRR, CCG, CSR No. 12219
Official Reporter, U.S. District Court