IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>         Plaintiff,<br><br>     v.<br><br>RUTHIA HE, et al.,<br><br>         Defendants. | Case No.  24-cr-00329-CRB<br><br>**ORDER DENYING MOTION FOR NEW TRIAL** |

On November 18, 2025, a jury convicted Defendants Ruthia He ("R. He") and Dr. David Brody on seven counts stemming from a conspiracy to distribute controlled substances through prescribers that worked with their digital health company, Done Global, Inc., and its affiliate medical professional corporation, Done Health P.C.  Dkt. 530. Brody now asks this Court to grant him a new trial, based primarily on the effectiveness of his trial counsel, Valery Nechay.  Mot. (dkt. 584).  The Government opposed the motion and Brody filed a brief in reply.  Having reviewed the parties' extensive briefing, the Court **DENIES** the motion.[1]

## I.      LEGAL STANDARD

A district court may vacate any judgment and grant a new trial "if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  A motion for a new trial is "directed to the discretion of the district judge" and should be granted "only in exceptional cases."  United States v. Pimentel, 654 F.2d 538, 545 (9th Cir. 1981) (citation modified).

---

[1] The Court presumes familiarity with the factual background of the case and applicable law.

## II.     DISCUSSION

Brody makes three arguments in support of his motion: (1) denial of the right to counsel premised on the Court's denial of a continuance, (2) ineffective assistance of counsel, and (3) denial of the right to put on a complete defense based on evidentiary rulings.  Mot. at 7–9.  For the reasons below, each argument fails.

### A.     Denial of the Right to Counsel

Brody asserts that he was denied his Sixth Amendment right to counsel because the trial timeframe was too compressed for any assistance of his new counsel to be effective.  Mot. at 16.  Essentially, Brody challenges the denial of his motion to continue.  The Court rejects this argument as the continuance was properly denied.

District courts have "a great deal of latitude in scheduling trials."  Morris v. Slappy, 461 U.S. 1, 11 (1983) (courts must deal with "assembling the witnesses, lawyers, and jurors at the same place at the same time").  "Consequently, broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to the assistance of counsel."  Id. at 11–12 (quotation marks omitted).

"Where a denial of a continuance implicates a defendant's Sixth Amendment right to counsel," courts consider the following factors: "(1) whether the continuance would inconvenience witnesses, the court, counsel, or the parties; (2) whether other continuances have been granted; (3) whether legitimate reasons exist for the delay; (4) whether the delay is the defendant's fault; and (5) whether a denial would prejudice the defendant."  United States v. Turner, 897 F.3d 1084, 1102 (9th Cir. 2018) (quoting United States v. Thompson, 587 F.3d 1165, 1174 (9th Cir. 2009)).  Here, the factors weigh in favor of the Court's denial.

### 1.     Inconvenience

A continuance would have resulted in significant hardship for the Court, the other two parties, and witnesses.  Nechay's request for the continuance at issue came just twenty days before trial.  Dkt. 377-2.  And Nechay made her request despite her explicit consent

to represent Brody with the understanding that the Court was not inclined to grant any continuances and that she should only proceed as if the trial date was set in stone. See Dkt. 285 at 11:3–9, 14:4–10.[2]  In her motion, she cited the complexity of the issues and discovery making it "physically impossible" for her to prepare for the case. Id. at 8. Nechay also referenced a scheduled appointment on September 19, 2025 for "a minimally invasive procedure" to treat a chronic condition that she had been trying to schedule for "several months." Nechay Decl. (dkt. 377-3) ¶¶ 3–4.  Her treating surgeons assured her that her recovery could be "as little as two days." Id. ¶ 5.  But by that point, as the Government notes, the Court had already started the jury selection process and collected juror questionnaires. See Opp'n (dkt. 590) at 21.  In addition, R. He had been in custody for almost a year at that point and had previously sought an earlier trial date. See Dkt. 160 at 2.  The Government had also "arranged travel accommodations for dozens of witnesses." Opp'n at 21.  Plainly, a continuance would have been a considerable burden at that juncture.[3]  This factor weighed strongly against a continuance.

### 2.    Prior Continuance

The Court had already granted one continuance.  On March 28, 2025, Brody's then-counsel moved to continue the trial date from July to September, citing the complexity of the case and funding issues. See Dkt. 241.  The Court granted the motion. Dkt. 258. Recognizing the Government's and R. He's opposing positions, the Court maintained that the continuance would be the last. See Dkt. 260 5:9–11, 5:20–6:3 (permitting a "final continuance so that we can have a trial that's basically uninterrupted and prepared in an intelligent, meaningful way").  Brody asserts that this factor cuts in his favor because there was only one continuance and Nechay's request was on similar grounds. Mot. at 18.  But

---

[2] The Court also offered to speak with a judge in Santa Clara to request that they continue one of Nechay's trials that started shortly before the trial in this case. Dkt. 285 at 13:7–13.

[3] Brody only addresses this factor by recognizing the "inconvenience all around" and saying the factor went in his favor, as his lawyer would have more time to prepare.  But, of course, the party requesting a continuance would benefit the most from one.  The inconvenience factor centers on the other parties, not the movant. See Turner, 897 F.3d at 1102 (analyzing inconvenience of the trial court and non-movant).

United States District Court
Northern District of California

that is immaterial—what matters is that the Court had <u>already</u> granted Brody a continuance. Courts have justifiably denied continuances where there was only one prior continuance. <u>See, e.g.</u>, <u>Gonzalez-Veliz v. Garland</u>, 996 F.3d 942, 949 (9th Cir. 2021) (one continuance); <u>Singh v. Holder</u>, 638 F.3d 1264, 1273–74 (9th Cir. 2011) (one continuance). And here, Nechay agreed to enter the case knowing full well that the Court was not going to grant another continuance. Accordingly, this factor also favors the Court's denial.

### 3.     Legitimate Reasons

The request for a continuance did not demonstrate sufficient legitimacy. Brody stresses that there were two legitimate reasons to delay the trial date: the complexity of the case and Nechay's medical procedure. Mot. at 19. The complexity of the case was not a legitimate basis for a continuance. The Court does not doubt that the case was a significant undertaking for Nechay. But, as discussed, Nechay represented to the Court that she understood the demands of representing Brody and took the case with the expectation that there would be no more continuances. <u>See</u> Dkt. 285 at 11:3–9, 14:4–10. The entire point of the Court's condition for representation was to avoid the exact situation that occurred.

Moreover, while the Court believes that Nechay's medical procedure was legitimate, it does not make her <u>request</u> legitimate. Her procedure was not an imminent medical emergency—indeed, she represented that she had been trying to secure an appointment "for several months" for her chronic condition. <u>See</u> Nechay Decl. ¶ 4. Nechay's procedure was also "minimally invasive," and her doctors assured her that her recovery could be "as little as two days." <u>Id.</u> ¶¶ 4–5. Additionally, her appointment was set for September 19, 2026, which would not have prevented her from working on the case in the months since she took over Brody's representation. <u>See id.</u> ¶ 3. Even after her procedure, Nechay ably participated in trial, with the Court taking frequent recesses in case Nechay or Brody (for his own medical condition) needed them. The Court also shortened trial weeks to give the defense additional time to prepare. <u>See</u> Dkt. 285 13:15–14:3. Consequently, this factor supports the Court's denial of Nechay's request.

4

### 4.      Fault

The fault of the delay can be reasonably attributed to Nechay.  Brody argues that the fault does not lie on his end because he is not responsible for R. He cutting off his defense funding and his initial lawyers withdrawing.  Mot. at 21.  Perhaps.  But that is not the relevant starting point for this factor.  The key issue here is that when Brody chose Nechay—a solo practitioner—as his counsel, she took the case representing to the Court that she <u>could</u> handle it without a continuance.  And then her at-issue request for a continuance came just ten days before jury selection.  As a result, this factor weighs in favor of the Court's decision.

### 5.      Prejudice

Brody was not prejudiced by the denial of a continuance.  He asserts that Nechay did not have "adequate time to prepare for trial."  Mot. at 20.  No doubt more time would have been helpful—it usually is.  The problem for Brody is that Nechay explicitly represented that she <u>did</u> have adequate time to try the case, knowing full well the Court's stance on continuances and the complexity of the issues.  And despite her qualms with preparation, Nechay performed competently.  She made opening and closing statements, cross-examined witnesses, and called witnesses of her own.  Consequently, this factor supports the Court's denial of a continuance.

In sum, the Court's denial of Nechay's continuance was proper.

### B.      Ineffective Assistance of Counsel

The Court rejects Brody's claim of ineffective assistance of counsel at this stage.

"In general, ineffective assistance of counsel claims are more properly reviewed in a habeas corpus proceeding." <u>United States v. Tran</u>, 995 F.2d 235 (9th Cir. 1993).  That is because a defendant can "develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted." <u>United States v. Laughlin</u>, 933 F.2d 786, 788–89 (9th Cir.1991).  Pre-judgment review of such claims is "left to the discretion of the district court." <u>United States v. Steele</u>, 733 F.3d 894, 897 (9th Cir. 2013).  A court's decision to review an ineffective assistance claim may "depend on the existence of evidence already in

the record indicating ineffective assistance of counsel, or upon the scope of the evidentiary hearing that would be required to fully decide the claim." Id. at 898.  Here, Brody's claim is "broad-based and the evidentiary record to consider it [is] sorely lacking." Id. at 899.

For starters, the Court did not observe Nechay's representation to be "so inadequate that it obviously denie[d] [Brody] his Sixth Amendment right to counsel." United States v. McGowan, 668 F.3d 601, 605 (9th Cir. 2012).  Courts considering ineffective assistance of counsel claims "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland v. Washington, 466 U.S. 668, 688 (1984)).  As discussed, Nechay competently performed her responsibilities during trial, from her opening statement to her closing argument.  Perhaps recognizing that, Brody centers his ineffective assistance argument on the reasonableness of Nechay's trial strategy and decisions.  Mot. at 23–24.  But the record is too deficient for the Court to properly consider Nechay's choices.

Brody insists that the current record is sufficient because of Nechay's declaration in support of her motion for a continuance.  Reply (dkt. 593) at 3.  Not so.  Nechay's declaration mostly describes the volume of discovery and how it made her preparation difficult.  See generally Nechay Decl.  What it does not contain is her decision-making process regarding her trial strategy.  Indeed, Brody himself highlights the insufficiency of the record.  He asserts that one example of Nechay's ineffectiveness was her decision not to call an expert witness to rebut the Government's expert.  Mot. at 27.  When the Government argued that not calling an expert was a reasonable decision, (Opp'n at 18), Brody responded that the Government "offers no evidence that Ms. Nechay investigated the expert question." Reply at 5.  But the Government could not offer any evidence because there is no evidence in the record as to Nechay's decision regarding an expert witness.[4]  And that makes it even more difficult for the Court to weigh in at this time.

---

[4] R. He, represented by a team of excellent lawyers, also chose not to call an expert.

Accordingly, the Court denies review of Brody's ineffective assistance claim without prejudice to him bringing it later with a fulsome record on a petition for habeas relief.

### C.  Complete Defense

Brody argues that he was denied the right to present a complete defense based on the Court's evidentiary rulings.  Mot. at 32.  Specifically, he asserts that the Court's exclusion of his training videos and Done patients who could testify as to legitimate care was in error.  Id.  But Brody fails to address the actual evidentiary basis for the Court's rulings.

For his training videos, Brody simply argues that they are highly relevant to his mens rea.  Id.  But "[n]ot all evidence that is relevant, however, is admissible."  Munasar v. Alaska Tanker Co., LLC, No. CV 11-04044 RS, 2012 WL 7187321, at *1 (N.D. Cal. Oct. 17, 2012).  The Court excluded the videos because they were self-serving hearsay statements that were not offered through any witness who actually saw them.  See Dkt. 539 5387:2–19.  Brody fails to explain how the Court's ruling was incorrect.[5]

For the Done patients, Brody contends that it was important for the jury to hear that other Done patients were legitimately treated.  Mot. at 33.  The Court excluded those patients because they were irrelevant at best and misleading at worst.  Dkt. 524 5193:4–10, 5195:3–7 ("And that somebody was appropriately treated is not evidence that—that there wasn't appropriate treatment going on.").  Brody fails to address the Court's evidentiary concerns.  Moreover, the Court pointed out that the defendants had elicited testimony regarding positive patient reviews during cross-examination, making any additional testimony needlessly cumulative.  Id. at 5196:19–25.

---

[5] The Court still permitted a stipulation about the existence of the videos.  Trial Ex. 8000.

United States District Court
Northern District of California

### III.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Brody's motion for a new trial.

**IT IS SO ORDERED.**

Dated: April 27, 2026

CHARLES R. BREYER
United States District Judge

8