UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>DAVID BRODY and RUTHIA HE,<br>Defendant(s). | Case No.: 3:24-cr-00329-CRB<br><br>**ORDER REGARDING MONITOR** |

1. On November 18, 2025, the jury returned a guilty verdict against Defendant Ruthia He finding Defendant He guilty of (a) one count of Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. § 846; (b) four counts of Distribution of Controlled Substances and Aiding and Abetting, in violation of 21 U.S.C. § 841(a) and (b)(1)(C) and 18 U.S.C. § 2; (c) one count of Conspiracy to Commit Health Care Fraud, in violation of 18 U.S.C. § 1349; and (d) one count of Conspiracy to Obstruct Justice, in violation of 18 U.S.C. § 1512(k).

2. On July 9, 2026, the Court issued an Order for forfeiture with respect to Defendant He in the amount of $91,311,290. Dkt. 657.

3. On July 30, 2026 and August 13, 2026, the government submitted *ex parte*, under seal applications to restrain specific financial and bank accounts in order to preserve those accounts as substitute property for use in satisfying the Order for forfeiture (collectively, the "Subject Accounts"). The Court granted the government's *ex parte* applications and entered a Restraining Order on July 30, 2026 (Dkt. 679; Dkt. 702) and another Restraining Order on August 13, 2026 (Dkt 690; Dkt. 704) (collectively, the "Restraining Orders").

4. The Subject Accounts that are affected by the Restraining Orders and the Financial Institutions and Account Holders for the Subject Accounts are listed below.

| Institution | Account Holder | Account Number | Customer ID |
|---|---|---|---|
| Thread Bank | Mindful Mental Wellness, P.A. | ********5915 | 2899986 |
| Thread Bank | Mindful Mental Wellness, P.A. | x8673* | 2853862 |
| Thread Bank | Mindful Mental Wellness, P.C. | *********9175 | 2858670 |
| Thread Bank | Cloud Health and Wellness, P.C. | *********6738 | 2730667 |
| Thread Bank | Cloud Health and Wellness, P.C. | *********3451 | 2730667 |
| Thread Bank | Mindful Mental Wellness, P.A. | *********5916 | 2899986 |
| Thread Bank | Mindful Mental Wellness, P.C. | *********9176 | 2858670 |
| Thread Bank | Cloud Health and Wellness, P.C. | *********6739 | 2730667 |
| Thread Bank | Mindful Mental Wellness, P.A. | Not provided | 3177739 |
| Stripe, Inc. | Cloud Health and Wellness | ************AiX4 | N/A |

| | | | |
|---|---|---|---|
| Stripe, Inc. | Mindful Mental Wellness | ************aAuF | N/A |
| Stripe, Inc. | Done Medical CA P.C. | ************M6NS | N/A |
| Stripe, Inc. | Mindful Mental Wellness | ************3FiX | N/A |
| Stripe, Inc. | Mindful Mental Wellness | ************LmDt | N/A |
| Stripe, Inc. | Mindful Sunshine Wellness, P.A. | ************nqaF | N/A |

5. On August 12, 2026, Third Parties Mindful Mental Wellness, P.A. ("MMW") and Done Global, Inc. ("Done") moved to unseal the first Restraining Order and for a hearing on the grounds that the Subject Accounts are used for their ongoing business operations and the Restraining Orders are debilitating to their business operations. Dkt. 695. On August 13, 2026, the Court heard the motion, ordered the Restraining Orders unsealed by August 14, 2026, and set a hearing for August 17, 2026. Dkt. 691.

6. On August 17, 2026, Third Parties MMW and Done moved to dissolve the Restraining Orders. The Court found good cause to appoint a monitor pursuant to 21 U.S.C. § 853(g) for the purpose of permitting transactions in the Subject Accounts to pay the ordinary, necessary and legitimate business and legal expenses of MMW, the other Account Holders, and Done (collectively, the "Affected Businesses").

PURSUANT TO 21 U.S.C. § 853(g), AND FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

1. Patrick Robbins is appointed as Monitor over the Subject Accounts. The Monitor shall be the agent of this Court and solely the agent of this Court in acting as a Monitor under this Order.

2. The Monitor's role is limited to reviewing proposed transactions from the Subject Accounts for the purpose of determining whether they are for ordinary, necessary and legitimate business or legal expenses of the Affected Businesses, and to prevent dissipation of the Subject Accounts through transactions that are not for such expenses.

3. The Monitor shall have the power to retain a qualified audit firm to advise and assist the monitor with achieving the goals of the Monitorship (the "Advisor"). Further, the

Monitor and its Advisor shall have the power to take the following actions with respect to proposed transactions involving the Subject Accounts:

a. Access and monitor the Subject Accounts;

b. Review proposed transactions by the Affected Businesses to determine whether the transactions are for ordinary, necessary and legitimate business or legal expenses;

c. Provide sole and final approval of transactions in the Subject Accounts by the Affected Businesses that are for ordinary, necessary and legitimate business or legal expenses;

d. Instruct the Financial Institutions that hold the Subject Accounts to process any proposed transaction that is approved by the Monitor;

e. At the Monitor's discretion, request contracts, invoices, payment records, and other supporting documents from the Affected Businesses relating to a proposed transaction with a vendor or individual, including prior transactions with the same vendor or individual over the prior twelve-month period;

f. Meet and communicate with representatives or advisors of the Affected Businesses and/or the government for purposes of reviewing proposed transactions pursuant to this paragraph and paragraph 4 below;

g. Communicate with and submit reports to the Court, as appropriate; and

h. Seek further orders from the Court as necessary to achieve the goals of the Monitorship.

4. Before approving or rejecting a proposed transaction or payment, the following steps shall occur:

a. The Affected Businesses shall request approval to make a payment from one or more of the Subject Accounts. The request shall identify the relevant Subject Accounts for the payment and include a description of the transaction, the amount of the payment, and any supporting documents.

b. The Monitor and its Advisor shall review the request for the sole purpose of determining whether the proposed payment is for an ordinary, necessary and legitimate business or legal expense.

c. In evaluating the proposed transaction and after reviewing any requested supporting documents, the Monitor and its Advisor shall consider the following criteria:

i. Whether the recipient is a legitimate vendor, contractor, or employee.

ii. Whether the payment is in the ordinary course of the Affected Businesses' pre-existing operations.

iii. Whether the payment is at arm's length.

iv. Whether the payment is to an unrelated third party or an employee/contractor in the regular course of compensation.

v. Whether the payment is to counsel of an Affected Business for legal services.

5. If the Monitor and its Advisor conclude that the proposed transaction is for an ordinary, necessary and legitimate business or legal expense, the Monitor shall approve the payment.

6. If the Monitor approves the payment, the Monitor or its Advisor shall inform the Financial Institution that holds the Subject Account to allow the Affected Business to execute the payment. The Financial Institutions that hold the Subject Accounts shall process payments that are approved by the Monitor.

7. To avoid unnecessary delay and expense in administering the Subject Accounts, the Monitor may grant standing approval for recurring payments of substantially the same nature, amount, and recipient — including, without limitation, payroll, rent, utilities, insurance premiums, and other recurring operating expenses — for the duration of the Monitorship, subject to the Monitor's right to revoke or modify any such standing approval upon written notice to the Affected Business if circumstances material to the approval have changed.

8. In the event the government or any of the Affected Businesses objects to the Monitor's approval or rejection of a proposed transaction, the Monitor shall meet and confer with counsel for the government and the Affected Businesses. The party raising the objection may seek review by the Court with notice to the Monitor and the other parties.

9. The government shall take reasonable steps requested by the Monitor to ensure that payments approved by the Monitor are executed by the Financial Institutions.

10. The Monitor shall report monthly to the Court and all parties regarding payments that have been approved and rejected by providing a short summary of the requested payment and the approval or rejection.

11. The Monitor and its Advisor shall be compensated from the funds in the Subject Accounts upon application to the Court and approval by the Court. The Monitor shall serve an application for compensation on the government and counsel for Defendant He and the Affected Businesses. The invoices of the Monitor and its Advisor shall contain reasonable detail describing the services provided.

12. Notwithstanding any term, provision or language within this Order, the Monitor shall have no right, claim, interest or any basis to gain access to, or otherwise review, control, inspect, demand or possess documents or any information or material to the extent they contain attorney-client privileged information, attorney work product, or other privileged information. Nothing in this Order is intended to cause a waiver of any legal privilege. In the event the Monitor requests a supporting document pursuant to paragraph 3 that contains information that is protected by the attorney-client privilege, the attorney work product doctrine, or any other legal privilege, the Affected Business may redact the protected information before providing the document to the Monitor. For the avoidance of doubt, the Affected Business may redact the narrative descriptions in any invoice for legal services requested by the Montior.

13. Within 14 days of this Order, counsel for Done and MMW will take reasonable steps to identify any other financial or bank accounts held by their clients or any affiliated medical entity and report the same to the government and Monitor. The government and

Montior may request to amend this Order to include such accounts within the definition of Subject Accounts.

14. The Monitor and its Advisor shall have no authority other than as expressly granted in this Order. The Monitor can seek additional authority from the Court with notice to the government, the Affected Businesses, and Defendant He and an opportunity to respond.

15. The Monitorship shall continue until further order of this Court. The government, defendant He, and/or any of the Affected Businesses may move this Court to terminate or modify this Order or for any other relief relating to this Order at any time. The Monitor may resign with leave of the Court following a motion to resign with thirty days' notice.

Dated: August ___, 2026

______________________________
Hon. Charles R. Breyer
United States District Judge