Docusign Envelope ID: 54E2F44D-9078-8436-80A6-6CBB319A8963

Glenn Agre Bergman & Fuentes LLP
Lyn R. Agre (SBN 178218)
580 California Street, Suite 1420
San Francisco, California 94104
Telephone: (415) 599-0880
Facsimile: (415) 398-5030
lagre@glennagre.com

Attorneys for Mindful Mental Wellness California

FILED
OCT 08 2026
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DAVID BRODY and RUTHIA HE,<br>Defendant(s). | Case No.: 3:24-cr-00329-CRB<br>**VERIFIED PETITION OF INTEREST ON BEHALF OF MINDFUL MENTAL WELLNESS, P.A. (CALIFORNIA) ASSERTING ITS INTEREST IN PROPERTY AND OPPOSING FORFEITURE** |

Pursuant to 21 U.S.C. § 853(n) and Federal Rule of Criminal Procedure 32.2(c), Petitioner Mindful Mental Wellness, P.A. ("MMW California") files this Verified Petition Asserting its Interest in Property and Opposing Forfeiture and asserts that the amended preliminary order of forfeiture filed in the above-captioned matter at docket number 731 should be amended to exclude MMW California's interest The amendment is necessary because MMW California has legal right, title, and interest to property subject to the amended preliminary order of forfeiture.

**A. The August 31, 2026 Amended Preliminary Forfeiture Order**

1. The forfeiture at issue in this matter arises from a criminal case in which Ruthia He and Dr. David Brody were convicted, *inter alia*, of violations of 21 U.S.C. §§ 846 and 841(a) and 18 U.S.C. § 1349, which allegedly concluded in or before January 2023. *See* Dkt. 1, ¶¶ 55, 76, 78.

2. On July 9, 2026, pursuant to "Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(7), Title 21, United States Code, Section 853(a), and Title 28, United States Code, Section


FW/26413727.11

2461(c)," this Court entered an order of forfeiture against Ms. He. Dkt. 657. The order imposed a "money judgment" in the amount of $91,311,290 and forfeiture of "all of Defendant Ruthia He's shares in Done Global, Inc." *Id.*

3. On August 31, 2026, the Court granted the government's motion to amend the preliminary order of forfeiture to include so-called "substitute property" of Ms. He under 21 U.S.C. § 853(p)—that is, property that is not tainted or otherwise the proceeds of the conduct that resulted in Ms. He's conviction. Dkt. 731. A true and correct copy of the August 31, 2026 order is attached hereto as Exhibit A.

4. In the August 31, 2026 order, the funds contained in the following accounts (the so-called "Subject Accounts") were identified as Ms. He's "substitute property":

| Institution | Account Holder | Account Number | Customer ID |
|---|---|---|---|
| Thread Bank | Mindful Mental Wellness, P.A. | ********5915 | 2899986 |
| Thread Bank | Mindful Mental Wellness, P.A. | x8673* | 2853862 |
| Thread Bank | Mindful Mental Wellness, P.C. | *********9175 | 2858670 |
| Thread Bank | Cloud Health and Wellness, P.C. | *********6738 | 2730667 |
| Thread Bank | Cloud Health and Wellness, P.C. | *********3451 | 2730667 |
| Thread Bank | Mindful Mental Wellness, P.A. | *********5916 | 2899986 |
| Thread Bank | Mindful Mental Wellness, P.C. | *********9176 | 2858670 |
| Thread Bank | Cloud Health and Wellness, P.C. | *********6739 | 2730667 |
| Thread Bank | Mindful Mental Wellness, P.A. | Not provided | 3177739 |
| Stripe, Inc. | Cloud Health and Wellness | *************AiX4 | N/A |
| Stripe, Inc. | Mindful Mental Wellness | *************aAuF | N/A |
| Stripe, Inc. | Done Medical CA P.C. | *************M6NS | N/A |
| Stripe, Inc. | Mindful Mental Wellness | *************3FiX | N/A |
| Stripe, Inc. | Mindful Mental Wellness | *************LmDt | N/A |
| Stripe, Inc. | Mindful Sunshine Wellness, P.A. | *************nqaF | N/A |

5. Further, in the August 31, 2026 order, "administrative fees and royalties" allegedly owed by the following entities (the so-called "Subject Entities") to Done Global, Inc. ("Done") were identified as Ms. He's "substitute property":

| Subject Entity Name | State of Incorporation | Incorporator | Record Owner |
|---|---|---|---|
| Done Global, Inc. | Delaware | Arthuro Flores | Ruthia He |
| Done Health P.C. | California | David Brody | David Brody |
| Mindful Mental Wellness P.A. | Florida | Michael Feldman | Christopher Maxwell |
| Done Medical CA, P.C. | California | Xena Zhao | Christopher Maxwell |
| Mindful Mental Wellness, P.A. | Kansas | Risheet Patel | Christopher Maxwell |
| Done Medical NJ P.C. | New Jersey | Xena Zhao | Lynn Buchanan |
| Cloud Health and Wellness PC | California | Xena Zhao | Lynn Buchanan |

6. In the August 31, 2026 order, the Court found that the funds contained in the Subject Accounts and the administrative fees and royalties allegedly owed by the Subject Entities were "defendant [He]'s property and, as a result, all property up to $91,311,290 can be forfeited as substitute assets and applied against the $91,311,290 money judgment." Exhibit A. The Court further found that "[t]he United States has . . . established that, as the result of actions by the defendant, proceeds of the crime (1) cannot be located upon the exercise of due diligence; (2) have been transferred or sold to, or deposited with, a third party; (3) have been placed beyond the jurisdiction of the court; and (4) have been commingled with other property which cannot be divided without difficulty." *Id.* The Court additionally found that "the United States has exercised due diligence in searching for the proceeds of crime." *Id.* The Court therefore concluded that, "pursuant to Rule 32.2(e) and 21 U.S.C. § 853(p)," the preliminary forfeiture order against Ms. He would be amended to include "[f]orfeiture of funds up to $91,311,290 restrained in the Subject Accounts" and "[f]orfeiture of all administrative fees, royalties, and interest accrued thereon . . . owed by the Subject Entities to Done Global and Ruthia He up to $91,311,290, including all rights to demand and collect such Fees." *Id.*

**B. The MMW California Subject Accounts**

7. MMW California files this petition to assert and preserve its claims that it has legal right, title, and interest to property subject to the amended preliminary order of forfeiture entered on August 31, 2026, to wit, certain of the Subject Accounts and the funds in those Subject Accounts as described below.

8. MMW California is a medical practice that was formed in January 2024 under the laws of California. MMW California provides mental health services to its patients in exchange for fees paid by the patients. At the time of the August 31, 2026 order, MMW California was owned by Dr. Christopher Maxwell.

9. On or about the dates indicated below, MMW California opened the following Subject Accounts (the "MMW California Subject Accounts"):

| **Account Type** | **Account Number** | **Date Opened** |
|---|---|---|
| Thread Bank – Checking | ********2509 | 3/27/2026 |
| Thread Bank – Savings | ********2510 | 3/27/2026 |
| Stripe | ************M6Ns | 8/14/2024 |

10. The MMW California Subject Accounts are owned by MMW California. The funds and assets in the MMW California Subject Accounts are owned by MMW California. Those funds were earned by MMW California and its affiliated medical practices in the course of their regular business activities through payments from patients for the delivery of medical services. MMW California and its affiliated medical practices received those payments from patients, and the medical services were delivered to those patients, well after the conduct at issue in the criminal case against Ms. He and Dr. Brody and well after Ms. He was incarcerated in connection with that case.

11. Done is an administrative services company. It provides non-medical services to MMW California and other medical entities. MMW California engaged Done as its contractual agent under an Administrative Services Agreement dated May 9, 2023 (the "Administrative

Services Agreement"). MMW California is the sole accountholder of record for each MMW California Subject Account. Under the Administrative Services Agreement, MMW California authorized Done to facilitate the opening of the MMW California Subject Accounts in MMW California's name, administer the accounts as necessary to carry out its obligations under the parties' agreement, and use the funds in the accounts to pay the expenses related to MMW California's delivery of medical care to patients, among other things. That authority was expressly granted by MMW California and limited by the terms of the parties' agreement. MMW California disputes that Done has held title to or owned the MMW California Subject Accounts or the contents of those accounts.

12. The August 31, 2026 order is premised on the following contentions contained in the government's motion to amend the forfeiture order, *see* Dkt. 707:

a. the assets of Done are in fact owned by Ms. He because Done is merely an alter ego of Ms. He;

b. the assets of MMW California are in fact owned by Done (and therefore Ms. He) because MMW California is merely an alter ego for Done; and

c. Done has the right to collect more than $96 million from MMW California and its related entities—and, since Done is merely an alter ego of Ms. He, Ms. He owns the purported debt.

13. MMW California disputes each of the contentions referenced in the preceding paragraph.

14. MMW California disputes that it is an alter ego of Done or Ms. He. MMW California disputes that the Subject Accounts and the funds in those accounts are the property of Ms. He.

15. MMW California disputes that it owes Done the amounts the government attributes to it. To the extent the August 31, 2026 order forfeits any right of Done to collect administrative fees or royalties from MMW California, the United States takes that right subject to every defense MMW California holds against Done, and may enforce it only through proper legal process. MMW California reserves all such defenses.

**C. Grounds for Relief**

16. Petitioner MMW California incorporates by reference the above allegations. In light of the above, (a) MMW California has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in MMW California rather than defendant He or was superior to any right, title, or interest of defendant He at the time of the commission of the acts which gave rise to the forfeiture of property, *see* § 853(n)(6)(A); (b) MMW California is a bona fide purchaser for value of the right, title, or interest in property that is the subject of the preliminary order of forfeiture and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture, *see* § 853(n)(6)(B); and/or, more generally, (c) the funds and assets the government proposes to forfeit are not forfeitable because they are not "property of the defendant"—that is, they are not property of defendant Ruthia He, *see* § 853(p).

WHEREFORE, Petitioner MMW California respectfully requests: (1) that MMW California's interest in the funds and assets targeted by the government not be forfeited and that the Amended Preliminary Order of Forfeiture (Exhibit A, Dkt. 731) be modified to so provide; and (2) that the Court remove all encumbrances on MMW California's ability to use the funds and assets in question, including the ongoing monitoring of MMW California's business expenditures. MMW California further requests that the Court conduct a hearing to adjudicate MMW California's interest in the funds and assets described in Exhibit A, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

Docusign Envelope ID: 54E2F44D-9078-8436-80A6-6CBB319A8963

Date: October 8, 2026

By: ______________________________

Lyn R. Agre (SBN 178218)

Glenn Agre Bergman & Fuentes LLP
580 California Street, Suite 1420
San Francisco, California 94104
Telephone: (415) 599-0880
Facsimile: (415) 398-5030
lagre@glennagre.com

Attorneys for Mindful Mental Wellness, P.A. (California)

Docusign Envelope ID: 54E2F44D-9078-8436-80A6-6CBB319A8963

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, Christopher Maxwell, declare and affirm under penalty of perjury that to the best of my knowledge, information, and belief, the factual statements contained in the foregoing verified petition are true and correct.

Executed this 7 day of October, 2026,

Signed by:
Christopher Maxwell M.D.

Christopher Maxwell

Docusign Envelope ID: 54E2F44D-9078-8436-80A6-6CBB319A8963

## PROOF OF SERVICE

I am a citizen of the United States. I am over the age of 18 and not a party to the above-titled action. My business address is 580 California Street, Suite 1420, San Francisco, CA 94104.

On today's date I caused a copy of the attached VERIFIED PETITION OF THIRD PARTY MINDFUL MENTAL WELLNESS (CALIFORNIA) ASSERTING ITS INTEREST IN PROPERTY AND OPPOSING FORFEITURE to be served upon the following persons by ECF deliver, email and U.S. mail:

Lloyd Farnham
David Countryman
Assistant United States Attorneys
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102-3495
Lloyd.Farnham@usdoj.gov
david.countryman@usdoj.gov

I certify or declare under penalty of perjury that the foregoing is true and correct. Executed on October 2, 2026 at San Francisco, California.

Lyn R Agre